**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANKY MILLS,** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | No. 22-cv-1474 |
| | : | |
| v. | : | |
| | : | |
| **BLANCHE CARNEY, et al.** | : | |
| | : | |
| Defendant | : | |
| | : | |

# ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Defendants' Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that Plaintiff's claims are dismissed **WITH PREJUDICE**.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKY MILLS,** | : <br> : <br> : **CIVIL ACTION** <br> **Plaintiff,** : No. 22-cv-1474 <br> : <br> **v.** : <br> : <br> **BLANCHE CARNEY, et al.** : <br> : <br> **Defendant** : <br> : |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants Commissioner Blanche Carney, Deputy Commissioner Terrence Clark, Warden Michelle Farrell, and Deputy Wardens Edwin Cruz and Robert Rose by and through the undersigned counsel, hereby file this motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants incorporate the attached Memorandum of Law. Here, Plaintiff has had the opportunity to correct the below identified deficiencies. Because he has failed to do so, the complaint should now be dismissed with prejudice.

Date: <u>May 11, 2022</u>     Respectfully submitted,

/s/ *Daniel Cerone*
Daniel Cerone
Assistant City Solicitor
Attorney Identification No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-2964
*daniel.cerone@phila.gov*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKY MILLS,** | : |
| | : |
| | : CIVIL ACTION |
| Plaintiff, | : No. 22-cv-1474 |
| | : |
| v. | : |
| | : |
| **BLANCHE CARNEY, et al.** | : |
| | : |
| Defendant | : |
| | : |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

This Court should dismiss Plaintiff Franky Mills' Complaint against the moving Defendant prison officials because Plaintiff has not plausibly pled conditions that rise to the genuine hardships over an extended period of time as required to establish a violation of the Eighth or Fourteenth Amendments and he fails to plead the personal involvement of the Defendants as required to hold them liable under § 1983.

**I.    BACKGROUND**

Plaintiff filed suit against moving Defendants Blanche Carney, Terrence Clark, Michelle Farrell, Edwin Cruz, and Robert Rose, alleging civil rights violations under § 1983. Compl. (ECF No. 1). Plaintiff also sued non-moving Defendants "John Does 1-10" who have not been identified and/or served. *Id*. In addition to the moving Defendants and John Does, Plaintiff identifies in the caption of his Complaint, "CITY OF PHILADELPHIA d/b/a CURRAN-FROMHOLD CORRECTIONAL FACILITY."[1] *Id.*

---

[1] Plaintiff did not serve the City of Philadelphia or the Curran-Fromhold Correctional Facility ("CFCF"), nor does Plaintiff plead a claim against either entity. Any claim brought against CFCF must be brought in the name of the City as CFCF does not have an independent corporate existence. *Regalbuto v. City of Philadelphia*, 937 F. Supp. 347, 377 (E.D. Pa. 1995) (dismissing

Defendants Carney, Farrell, Clark, Cruz, and Rose ("Moving Defendants") are alleged to work for the Philadelphia Department of Prisons (PDP), and Plaintiff alleges violations of his constitutional rights while he was in the custody of the PDP – specifically, Curran-Fromhold Correctional Facility (CFCF) – from November 2020 through April 2021. *Id*. at ¶ 14. Plaintiff alleges that for "approximately one month of his incarceration, from in or around November 2020 until December 2020" he was subjected to what he describes as "barbaric and inhumane treatment." *Id*. at ¶ 15.

Specifically, Plaintiff complains that during that one month, he was not allowed to leave his cell, not allowed to shower, not given a toothbrush, not allowed to remove the trash/leftover food from his cell, not allowed to change his sheets, not allowed to exchange his jumper for a clean one, and not allowed to receive and make phone calls. *Id.* at ¶ 15. Plaintiff claims that he asked numerous times to remedy these alleged conditions but that his requests were always denied. *Id.* at ¶ 16.

Plaintiff alleges that he was eventually moved to a new section called a "cell multi", housing consisting of multiple inmates placed into one large room that was considered a cell. *Id.* at ¶ 17. Plaintiff claims that Moving Defendants knew or should have known of the "deplorable treatment" of the Plaintiff, should have done something to address it, and that he has suffered and continues to suffer severe "physical and psychological stress as a result of Defendants' egregious conduct." *Id.* at ¶¶ 18-19. Plaintiff contends that such alleged conditions constituted cruel and unusual punishment, violating his Eighth Amendment rights. *Id*.

---

claims against Philadelphia police and fire departments); *Griffith v. Philadelphia Prison Systems*, 2001 U.S. Dist. LEXIS 11511, at *2 n.1 (May 18, 2001, E.D. Pa.) (dismissing Philadelphia Prison System as a defendant). Accordingly, both parties should be dismissed.

**II.  ARGUMENT**

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Anspach v. City of Philadelphia*, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (quotation marks omitted).

**A. Plaintiff Failed to Plead Conduct that Rises to the Level of a Constitutional Violation**

The Fourteenth Amendment protects pre-trial detainees from conditions of confinement that amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense . . . ." *Id*. at 537. A condition reasonably related to a legitimate government objective—i.e., one that does not cause "such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes"—does not amount to a constitutional violation. *Hubbard v. Taylor*, 538 F.3d 232 (3d Cir. 2008). In addition, there is "a *de minimis* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. at 539 n.21.

In his Complaint, Plaintiff identifies several conditions that he complains violate his constitutional rights. As stated above, he alleges that he was not allowed to leave his cell, take a shower or brush his teeth, make or receive phone calls, and being exposed to unsanitary conditions. These alleged conditions, which Plaintiff purports to have lasted approximately one

month, are claimed to have caused him to suffer from "severe physical and psychological stress."[2]  However, these conditions are *de minimis* impositions—to the extent they are impositions at all—which do not rise to the level of a Constitutional violation.

Further, Plaintiff has failed to allege that his conditions existed for a requisite period of time that would give rise to a constitutional violation, nor even an injury associated with these restrictions. In *Barndt v. Wenerowicz*, the Third Circuit Court of Appeals found that "the temporary denial of out of cell exercise for twenty-eight days was not a substantial deprivation," particularly where the plaintiff had not demonstrated he suffered ill effects or needed medical care as a result of the alleged deprivation. 698 F. App'x 673, 677 (3d Cir. 2017).  In addition to out of cell exercise, the *Barndt* Court considered the plaintiff's allegation that he was denied access to showers for that twenty-eight-day period. *Id*. at 676. However, the Court determined such conditions did not violate the plaintiff's Eighth Amendment rights. *Id*. at 676.  In this case, the Court should find that *Barndt* instructs that a similar deprivation, for approximately one month, did not rise to the genuine hardship over an extended period of time to implicate the Constitution under *Bell*. Accordingly, Plaintiff's claims should be dismissed.

### B. Plaintiff's Complaint Should be Dismissed Because He Failed to Plausibly Plead Personal Involvement or Supervisory Liability of Any of the Moving Defendants

Liability for a civil rights claim cannot be imputed vicariously. *Evancho v. Fisher*, 425 F.3d 347, 353 (3d Cir. 2005). Instead, an individual defendant must have personal involvement in the alleged constitutional violation. *Id*. (dismissal of Attorney General appropriate where

---

[2] Notably, due to the COVID-19 pandemic and a then-spike in infection rates, CFCF took steps to limit the spread of the virus amongst its incarcerated population, which included limiting exposure between individuals within the carceral system during the time period identified in Plaintiff's complaint.

plaintiff merely hypothesizes Attorney General's involvement in alleged violations based on his position). Supervisory liability can be imposed on a defendant where the plaintiff

> (1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk, and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

*Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001); *see also McGee v. Thomas*, No. 16-5501, 2018 WL 347578 (E.D. Pa. Jan. 10, 2018) (dismissal of supervisory liability claims appropriate where supervising practice is unidentified and would-be supervisors' liability stated in only conclusory terms). It is insufficient to simply argue the alleged constitutional violation would not have occurred if the supervisor had done more. *Brown*, 269 F.3d at 216. Instead, "the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference." *Id.* Additionally, the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Okey v. Strebig*, 531 F. App'x 212, 215–16 (3d Cir. 2013).

On this front, Plaintiff's allegations clearly fail to impart personal involvement of any of the Moving Defendants. Plaintiff merely alleges he "asked numerous times for a shower, toothbrush, trash removal, clean sheets, and a clean jumpsuit" and that his requests were "always denied." Plaintiff does not articulate to whom he made these requests. As for Commissioner Carney, Deputy Commissioner Clark, Warden Farrell, and Deputy Wardens Cruz and Rose, Plaintiff *only* alleges that these supervisors *knew or should have known of the treatment*, a hypothesizing similar to that found to be insufficient in *Evancho*. Indeed, Plaintiff makes no mention of asking the named defendants directly or filing a grievance when such alleged requests were denied as is required by the PLRA. *See* 42 U.S.C.A. § 1997e(a). Even if an official's failure

5

to favorably respond to a grievance was sufficient to constitute a constitutional violation—and *Okey* instructs it is not—these supervisors could not possibly have been considered deliberately indifferent to the alleged conditions by failing to improve them. Because Plaintiff fails to allege the personal involvement of Moving Defendants, he fails to state a claim and they should be dismissed.

### III. CONCLUSION

For all the foregoing reasons, the Court should dismiss Plaintiff's claims against the moving Defendants with prejudice.

Date: May 11, 2022                                                  Respectfully submitted,


/s/ *Daniel Cerone*
Daniel Cerone
Assistant City Solicitor
Attorney Identification No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-2964
*daniel.cerone@phila.gov*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANKY MILLS,** | : |
| Plaintiff, | : **CIVIL ACTION** |
| | : No. 22-cv-1474 |
| v. | : |
| **BLANCHE CARNEY, et al.** | : |
| Defendant | : |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading. Additionally, a courtesy copy has been sent via first class mail to this Court.

Date: May 11, 2022              Respectfully submitted,

                                /s/ *Daniel Cerone*
                                Daniel Cerone
                                Assistant City Solicitor
                                Attorney Identification No. 321507
                                City of Philadelphia Law Department
                                1515 Arch Street, 14th Floor
                                Philadelphia, PA  19102-1595
                                (215) 683-2964
                                *daniel.cerone@phila.gov*